Joseph Liff, J.
The relator in this habeas corpus proceeding having been convicted of petit larceny, a class A misdemeanor, has been certified to the Narcotic Addiction Control Commission as an addict and is awaiting transportation thereto.
Relator contends that he is being illegally detained because, by the application of section 208 of the Mental Hygiene Law, he is deprived of his right to be sentenced immediately and to take an appeal without interference or interruption after conviction upon trial. Basically, relator contends that section 208 is unconstitutional since it violates the right to a speedy and public trial as well as the due process clause of the Fourteenth Amendment.
Section 208 (subd. 4, par. a) of the Mental Hygiene Law provides that where sentence is to be imposed for a misdemeanor and the person is found to be a narcotic addict, he shall be certified to the commission for an indefinite period terminating upon his discharge by the commission as rehabilitated, or at the expiration of 36 months, whichever shall first occur. The certification under subdivision 4 is deemed a judgment of conviction and in no case shall the court impose a sentence other than specified in subdivision 4 (Mental Hygiene Law, § 208, subd. 5). The *587 District Court Judge properly complied with the mandatory language in subdivision 4 of section 208.
There is no basis for the relator’s suggestion that the commitment with which we are here concerned is of a civil nature.
The New York Legislature enacted a comprehensive program to combat the illness of drug addiction and its constitutionality has been upheld (People ex rel. Blunt v. Narcotic Addiction Control Comm., 58 Misc 2d 57, 61, affd. 31 A D 2d 718, affd. on opinion at Special Term, 24 N Y 2d 850).
The compulsory treatment in involuntary confinement of persons dependent upon narcotic drugs, pursuant to a civil proceeding has been held not to contravene their rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Federal Constitution (Matter of Spadafora, 54 Misc 2d 123, affd. 29 A D 2d 742).
The Court of Appeals recently reviewed the question of the constitutionality of the certification of convicted narcotic addicts under the Mental Hygiene Law (§ 208) and stated:
“ in failing to accord a convicted addict a jury trial on the issue of his addiction, section 208 (subd. 2) of the Mental Hygiene Law violates the equal protection clause of the Fourteenth Amendment. Save in that respect the statute contains no constitutional defect * * #.
11 The basic premise of the narcotic control program is and constitutionally must be a rehabilitative one. The extended period of deprivation of liberty which the statute mandates can only be justified as necessary to fulfill the purposes of the program.” (People v. Fuller, 24 N Y 2d 292, 301.)
The relator has failed to prove that he has been deprived of his constitutional rights; and “ The substantive aspect of the program is entitled to a presumption of constitutionality, at least and until a record is established otherwise.” (People v. Fuller, supra, p. 303.)
The relator’s writ is dismissed and judgment should be entered accordingly.